IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| MICHAEL WILLIAMS, | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| VS. | : | |
| | : | CIVIL ACTION NO. 7:06-CV-103 (HL) |
| DONALD JOHSTONO; | : | |
| JEFF HANSON; | : | |
| WANDA FIVEASH, | : | |
| | : | **ORDER** |
| Defendants | : | |
| | : | |

Plaintiff **MICHAEL WILLIAMS**, an inmate at the Federal Correctional Institute in Edgefield, South Carolina, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983.[1]

## I. REQUEST TO PROCEED IN FORMA PAUPERIS

Plaintiff sought leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). In an Order dated September 8, 2006, the Court denied plaintiff's motion because records showed that he had adequate funds to pay the $350.00 filing fee. On October 23, 2006, plaintiff paid the required $350.00.

---

[1] Plaintiff has named three defendants: Don Johstono, Assistant United States Attorney; Jeff Hanson, President of Park Avenue Bank; and Wanda Fiveash, Assistant Operations Officer of Park Avenue Bank. To the extent that this action is brought against federal officials, the Court will construe those particular claims as being brought directly under ***Bivens v. Six Unknown Name Agents of the Federal Bureau of Narcotics***, 403 U.S. 388 (1970). "'The effect of ***Bivens*** was, in essence, to create a remedy against federal officers, acting under color of federal law, that was analogous to the [§] 1983 action against state officials'." ***Abella v. Rubino***, 63 F.3d 1063, 1065 (11th Cir. 1995)(quoting ***Dean v. Gladney***, 621 F.2d 1331, 1336 (5th Cir. 1980)). Therefore, "courts generally apply § 1983 law to ***Bivens*** cases." ***Id***.

## II. STANDARD OF REVIEW

Notwithstanding the payment of the filing fee, the Court must, pursuant to 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A, dismiss a prisoner's complaint against a governmental entity or officer or employee of a governmental entity at any time if the Court determines that the action "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." A claim is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint may be dismissed for failure to state a claim on which relief may be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Scheuer v. Rhodes*, 416 U.S. 232 (1974).

In order to state a claim for relief under 42 U.S.C. § 1983 (or *Bivens*), a plaintiff must allege two elements. First, the plaintiff must allege that an act or omission deprived him of a right, privilege or immunity secured by the Constitution of the United States. *See Wideman v. Shallowford Community Hosp., Inc.*, 826 F.2d 1030, 1032 (11th Cir. 1987). Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law; or federal law for federal officials. *Id*.

## III. STATEMENT AND ANALYSIS OF PLAINTIFF'S CLAIMS

Plaintiff states that he was charged with money laundering. Specifically, he alleges that he "was charged with acquiring certificates of deposit . . . at Park Avenue Bank between the dates of September 1999 and March 2000." Plaintiff explains that the Government

alleged the certificates of deposit were obtained with illegally derived funds contained in his, and his co-defendant's, savings accounts.

Plaintiff states that at his trial on October 25, 2004, Assistant United States Attorney Don Johstono presented "false information . . . thru (sic) the use of altered bank documents entered into evidence." Plaintiff further alleges as follow: "The documents and supporting testimony were provided by Park Avenue Bank's Assistant Operation[s] Officer Wanda Fiveash. Ms. Fiveash's activities [were] per the directive of Park Avenue Bank President Jeff Hanson; [both of] whom have directed themselves with a federal official to deprive the plaintiff of his constitutional rights." Plaintiff sums up his allegations by stating that there is an "agreement between the defendants to convict him on money laundering by the use of false evidence."

Plaintiff fails to specify what relief he is seeking in this action. Plaintiff merely states that he "respectfully seeks the Court's assistance in this matter, in determining the relief it deems appropriate under the circumstances."

To any extent that plaintiff is seeking release from confinement, a reduction of sentence, or new trial, these remedies are not available to plaintiff as relief under 42 U.S.C. § 1983 or **Bivens**. **See Preiser v. Rodriquez**, 411 U.S. 475 (1973)(challenges to duration or fact of confinement, as opposed to conditions of confinement, are cognizable solely by petition for writ of habeas corpus); **Abella v. Rubino**, 63 F.2d 1063, 1066 n.4 (11th Cir 1995)(explaining that "[i]njunctive and declaratory relief claims which challenge the fact or duration of confinement are simply never cognizable in § 1983 or **Bivens** actions")

Furthermore, to the extent plaintiff is seeking damages, all of his claims fall within the ambit of the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477(1994). In *Heck*, the Supreme Court held as follows:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a §1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Id.* at 486-87.

In other words, a prisoner cannot bring a § 1983 or *Bivens* action for damages that would invalidate a sentence or conviction unless the sentence or conviction in question has previously been invalidated. Such an action, if brought prior to invalidation of the conviction or sentence challenged, must be dismissed as premature. *Heck*, 512 U.S. at 486-88.

In the case at bar, plaintiff's allegation that false testimony and evidence were used to convict him would, if proven, invalidate his conviction. Because plaintiff has not demonstrated that his conviction has been overturned on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, *Heck* bars his current action. Only if, and when, his conviction is invalidated, may he then institute an action for damages or declaratory relief on these claims under § 1983 or *Bivens* in federal court.

There are several additional reasons why plaintiff's action must be dismissed. First,

in relation to plaintiff's claims against the two bank employees, plaintiff has failed to show that these individuals are state or federal actors. As explained above, "[a] successful section 1983 action requires a showing that the conduct complained of . . . was committed by a person acting under color of state law." **Harvey v Harvey**, 949 F.2d 1127, 1130 (11th Cir. 1992). Similarly, a **Bivens** actions may be brought against only against federal officials or officers. There are instances in which a private actor may be sued under § 1983 or **Bivens** if he conspired with someone who did act under color of state or federal law. **Wahl v. McIver**, 773 F.2d 1169, 1183 (11th Cir. 1985). Plaintiff does allege an "agreement" between the bank employees and the Assistant United States Attorney Don Johstono. However, the "naked assertion of a conspiracy . . . without supporting, operative facts" establishing an agreement between the defendants, and a common plan to put the agreement into effect, is insufficient to implicate § 1983 or **Bivens** liability. **Phillips v. Mashburn**, 746 F.2d 782, 785 (11th Cir. 1984); **Fullman v. Graddick**, 739 F.2d 553 (11th Cir. 1984).

Additionally, Don Johstono has absolute immunity from suit under **Bivens** when he is acting withing his jurisdictional scope. In **Imbler v. Pachtman**, 424 U.S. 409 (1976), the United States Supreme Court expressly recognized "[t]he doctrine of absolute prosecutorial immunity from civil damages suits under § 1983 for actions 'intimately associated with the judicial phase of the criminal process'." **Fullman v. Graddick**, 739 F.2d 553, 558 (11th Cir. 1984) (quoting **Imbler**, 424 U.S. at 430). Additionally, even assuming plaintiff's allegation that Mr. Johstono knowingly used false testimony is true, prosecutorial immunity would still apply and the Assistant United States Attorney would be immune from liability in this action. **Id.**

Finally, in relation to plaintiff's claim that Wanda Fiveash testified falsely, it is well-settled

that a witnesse, whether private citizen or law enforcement officer, is absolutely immune from civil damages based on her testimony in a judicial proceedings. ***Briscoe v. LaHue***, 460 U.S. 325, 326 (1983). The policy behind this grant of immunity is to encourage truthful testimony. If a witness could be later subjected to an action for damages, she "might be reluctant to come forward to testify" or her "testimony might be distorted by the fear of subsequent liability." ***Id***. at 333. The Eleventh Circuit Court of Appeals has extended this immunity to civil conspiracy claims as well. ***See Jones v. Cannon***, 174 F.3d 1271, 1289 (11th Cir. 1999)(holding detective and trial witnesses absolutely immune from claim of conspiracy to present false testimony). Accordingly, Wanda Fiveash is absolutely immune from liability in this action for her testimony, even if false, at plaintiff's trial.

### IV. CONCLUSION

For the reasons explained above, plaintiff's 42 U.S.C. § 1983 action must be **DISMISSED** as frivolous pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e)(2).

**SO ORDERED**, this 7th day of November, 2006.


                                       **s/    Hugh Lawson**
                                       HUGH LAWSON
                                       UNITED STATES DISTRICT JUDGE

lnb