IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| MICHAEL WILLIAMS, | : | |
| Plaintiff | : | |
| VS. | : | |
| | : | CIVIL ACTION NO. 7:06-CV-103 (HL) |
| DONALD JOHSTONO; | : | |
| JEFF HANSON; | : | |
| WANDA FIVEASH, | : | |
| | : | **ORDER** |
| Defendants | : | |

Plaintiff **MICHAEL WILLIAMS**, an inmate at the Federal Correctional Institute in Edgefield, South Carolina, has filed a motion for reconsideration. For the reasons discussed below, this motion is **DENIED**.

In his original complaint, brought pursuant to 42 U.S.C. § 1983 and ***Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics***, 403 U.S. 388 (1970), plaintiff alleged that he was convicted of money laundering. (R. at 2). Plaintiff stated that at his trial on October 25, 2004, Assistant United States Attorney Don Johstono, while acting in concert with bank employees Jeff Hanson and Wanda Fiveash, knowingly presented false evidence and testimony in order to convict him. (R. at 2). Plaintiff originally failed to specify what relief he was seeking.

In its November 7, 2006 Order, the Court dismissed plaintiff's complaint as frivolous on several grounds. (R. at 4). First, the Court explained that to any extent plaintiff was

seeking release from confinement, a reduction of sentence, or new trial, these remedies are not available to plaintiff as relief under 42 U.S.C. § 1983 or *Bivens*. *See Preiser v. Rodriquez*, 411 U.S. 475 (1973).

Second, the Court explained that to any extent plaintiff was seeking damages, his action was barred by the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477(1994). According to *Heck*, when a prisoner seeks damages in a § 1983 or *Bivens* action, the Court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence. If it would, the complaint must be dismissed unless the plaintiff can demonstrate that the sentence or conviction in question has previously been invalidated. As the Court explained to plaintiff, his allegation that false testimony and evidence were used to convict him would, if proven, imply the invalidity of his conviction. Because plaintiff had not demonstrated that his conviction had been overturned on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, *Heck* barred his current action.

Third, the Court explained to plaintiff that a *Bivens* actions may be brought only against federal officials or officers, and the two named bank employees were not such officials or officers. Moreover, plaintiff's unsubstantiated assertion that there was a conspiracy between the bank employees and the prosecutor was insufficient to implicate § 1983 or *Bivens* liability. *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984); *Fullman v. Graddick*, 739 F.2d 553 (11th Cir. 1984).

Finally, the Court explained to plaintiff that Don Johstono had absolute immunity from suit under ***Bivens*** while he was acting withing his jurisdictional scope; and that bank employee and witness Wanda Fiveash was absolutely immune from civil damages based on her testimony in the judicial proceedings. ***Briscoe v. LaHue***, 460 U.S. 325, 326 (1983).

In his motion for reconsideration, plaintiff basically restates the allegations and claims he made in his original complaint. Plaintiff requests that the Court construe his complaint liberally as he is proceeding *pro se*. The Court is, and always has been, aware of plaintiff's *pro-se* status and did, consistent with ***Haines v. Kerner***, 404 U.S. 519 (1972), construe his complaint liberally. Even with this liberal construction, however, plaintiff's complaint had to be dismissed as frivolous.

In his motion for reconsideration, plaintiff also clarifies that he is requesting monetary damages in the amount of $2,000,000.00; not release from confinement. However, as the Court already explained to plaintiff, his action for monetary damages is barred by ***Heck v. Humphrey***, 512 U.S. 477(1994).

Plaintiff states that the Court, prior to dismissing his action, should have held a hearing in which he could have presented evidence to show that Don Johnstono did conspire with Jeff Hanson and Wanda Fiveash to present false evidence against him. However, even assuming a conspiracy existed and the Jeff Hanson and Wanda Fiveash could, therefore, be considered "federal actors," ***Heck*** would still bar the action. If plaintiff proved a conspiracy existed between these three defendants and they presented false evidence and testimony, his conviction would be called into question. Plaintiff must first have his conviction declared

invalid by one of the means listed above before he can recover damages in a ***Bivens*** action.

For these reasons, plaintiff's motion for reconsideration is **DENIED**.

**SO ORDERED**, this 29th day of November, 2006.


        **s/   Hugh Lawson**
        HUGH LAWSON
        UNITED STATES DISTRICT JUDGE



lnb